[Crim. No. 1467.   First Appellate District, Division Two.—November 8, 1928.]

THE PEOPLE, Respondent, v. JIMMIE MUSTO, Appellant.

Iener W. Nielsen for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant and thereafter the defendant pleaded guilty and judgment was duly entered. Thereafter, on February 17, 1928, the defendant made a motion to vacate and set aside the judgment so entered, the motion was denied and from that order the defendant has appealed, bringing up the judgment-roll.

The defendant makes one point which involves a consideration of the following dates: On November 15, 1927, an information was filed charging the defendant with the unlawful possession of intoxicating liquor. On February 3, 1928, the defendant appeared for arraignment, was arraigned and pleaded guilty. The case was then continued until February 6th, for sentence. On that date it was continued until February 7th, when the matter was taken up and the defendant was sentenced. On February 16th the defendant served a notice of motion to vacate and set aside the judgment. On February 17th the motion was presented. On February 20th the motion was denied and the defendant immediately served his notice of appeal from the order denying the motion. It is the contention of the defendant that he should have been brought to trial within sixty days and not having been brought to trial within sixty days that the trial court lost jurisdiction and that the defendant was entitled to be dismissed at any time after January 14, 1928 (the sixtieth day). In the first place, if we concede, as contended by the defendant, that by

virtue of the provisions of section 1050 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1036), the trial court loses jurisdiction to further proceed whenever a defendant has not been brought to trial within sixty days after the filing of the information, the concession does not warrant the procedure adopted by the defendant. He made no motion for a new trial and he does not cite us to any other law which authorizes a trial court to vacate and set aside a judgment regular on its face.

We have before us the information and a copy of the minutes of the plea and a copy of the judgment, which constitute a record of the action. (Pen. Code, sec. 1207.) The transcript does not purport. to contain a bill of exceptions. On this appeal all presumptions are in favor of the judgment of the trial court. In the absence of any showing to the contrary, we must assume that the delay occurring between November 15, 1927, the date when the information was filed, and February 3, 1928, the date that the defendant appeared for sentence, was duly and regularly accounted for. In his brief the defendant concedes that prior to the amendment to the statute his motion would have been without merit. However, he bases his claim entirely on the provisions of section 1050 of the Penal Code, as amended in 1927. Turning to that section, it will be noticed at once that nothing transpired that did violence to any provision contained in the section. No continuances whatever were had except from February 3. 1928, the date of the arraignment, to February 7, 1928, the date judgment was pronounced. It does appear on the face of the record that more than sixty days occurred between the date the information was filed and the date the defendant was arraigned, but section 1050 of the Penal Code does not speak on that subject. It is unnecessary to refer to the provisions of section 1382 of the Penal Code. That section was enacted in 1880 and the defendant concedes that under a long line of cases any rights he had under that section have not been violated. However, an examination of the several sections of the code shows that section 1382 of the Penal Code and not section 1050 of the Penal Code, deals with the matter of delays after information filed.

We find no error in the record. The order appealed from is affirmed.

Koford, P. J., and Nourse, J., concurred.